UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIA ANAYA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>TARGET CORPORATION et al.,<br><br>　　　　Defendants. | Case No. 2:25-cv-09135-SB-RAO<br><br>ORDER DENYING MOTION TO REMAND [DKT. NO. 14] AND ORDER TO SHOW CAUSE RE SANCTIONS |

　　　Plaintiff Antonia Anaya filed a form complaint in state court on July 7, 2025, alleging that she was injured when she tripped over a box or platform at a Target store. Dkt. No. 1-2. The complaint alleges claims against Target Corporation, "Manny Doe," and "DOES 1 to 100." It contains no factual allegations specific to Manny Doe and does not identify his role or position. The complaint also does not quantify Plaintiff's damages other than identifying the matter as an unlimited civil case (exceeding $35,000).

　　　In early September, Target was served with Plaintiff's statement of damages and interrogatory responses, which made clear that Plaintiff was seeking more than $75,000 and was a citizen of California. Target removed the case less than 30 days later, on September 24. Plaintiff now moves to remand. The Court finds this matter suitable for decision without oral argument and vacates the November 21 motion hearing.[1] Fed. R. Civ. P. 78; L.R. 7-15. The motion is denied, and Plaintiff is ordered to show cause why she and her counsel should not be sanctioned for their repeated violations of the Court's orders.

---

[1] The case remains set for a mandatory scheduling conference (MSC) on November 21.

1

I.

Plaintiff challenges the timeliness of removal and the existence of subject-matter jurisdiction.  Both arguments are meritless.

A.

First, the removal was timely.  A defendant must file a notice of removal within 30 days of either (1) being served with a complaint that establishes federal jurisdiction on its face or (2) "if the case stated by the initial pleading is not removable," receipt of "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(1), (3).  For the latter, the removal clock is triggered only when the ground for removal is "unequivocally clear and certain." *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1095 (9th Cir. 2021).  "[A]ny document received prior to receipt of the initial pleading cannot trigger the second thirty-day removal period." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 886 (9th Cir. 2010); *accord Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1142 (9th Cir. 2013) ("[W]e have held that 'other paper' does not embrace 'any document received prior to receipt of the initial pleading.'") (quoting *Carvalho*, 629 F.3d at 886).[2]  Defendant bears the burden of proving that removal was proper,

---

[2] Plaintiff argues that the Ninth Circuit has held "that a defendant cannot delay removal when the basis for federal jurisdiction is evident from the face of the complaint and the defendant's own knowledge."  Dkt. No. 22 at 3 (citing *Roth v. CHA Hollywood Med. Ctr.*, L.P., 720 F.3d 1121, 1125 (9th Cir. 2013)).  But *Roth* held that if a defendant received neither a complaint from which jurisdiction was facially apparent nor a post-complaint document that made removability clear, it could "remove outside the two thirty-day periods on the basis of its own information."  *Roth*, 720 F.3d at 1125.  The Ninth Circuit has also "reject[ed the] suggestion that a pre-complaint document containing a jurisdictional clue can operate in tandem with an indeterminate initial pleading to trigger some kind of hybrid of the first and second removal periods."  *Carvalho*, 629 F.3d at 886.  In *Roth*, the panel acknowledged that "in some diversity cases, defendants [may] be able to take advantage of the fact that neither the 'initial pleading' nor any later document received from plaintiff triggers one of the two thirty-day periods" and "delay filing a notice of removal until it is strategically advantageous to do so," but concluded that "plaintiffs are in a position to protect themselves" because "they need only provide to the defendant a document from which removability may be ascertained" if they want to preclude strategic delay.  720 F.3d at 1126.

2

and the "strong presumption" against removal jurisdiction requires remand "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

The original complaint in this case plainly was not removable; it neither identified Plaintiff's citizenship nor sought damages of more than $75,000. Plaintiff does not identify any paper received by Target more than 30 days before removal that made it clear that she sought more than $75,000 or that she was a California citizen. She conclusorily asserts that "Defendant was likely aware through its adjuster than Plaintiff's damages likely exceed $75,000 and as of February 2025 . . . Plaintiff was still unwell and treating." Dkt. No. 14 at 7. Any information Defendant may have obtained from the insurer before Plaintiff filed suit in July 2025 cannot have triggered a removal obligation. *Carvalho*, 629 F.3d at 886; *accord Kuxhausen*, 707 F.3d at 1142 ("Because Kuxhausen's demand letter was provided to BMW before she initiated her suit, it cannot trigger this thirty-day period."). And even if the email correspondence between Plaintiff's counsel's case manager and Defendant's insurer were relevant, it does not describe Plaintiff's treatment, identify any medical expenses, or state that Plaintiff was seeking at least $75,000. Dkt. No. 22-2, ex. C. At most, Plaintiff has shown that Target's insurer—and possibly Target, if it had notice of the correspondence—might have been able to guess from Plaintiff's age and condition that she *could* incur substantial medical damages. Plaintiff has not shown that Target received a paper that made her demand for more than $75,000 clear before the September 3 statement of damages. In contrast, Target identifies the information it received on September 3 and 9—less than 30 days before removal—on which it relied to determine that the case was removable. On this record, removal was timely.

B.

A federal district court has original jurisdiction over a civil action when there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Complete diversity requires that each plaintiff is a citizen of a different state than each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

It is undisputed that Plaintiff is a California citizen, Target is a Minnesota citizen, and the amount in controversy exceeds $75,000. Plaintiff's sole jurisdictional challenge is her argument that Defendant "Manny Doe" is a citizen of California who destroys complete diversity. But the removal statute expressly provides that when determining whether a case is removable based on diversity

jurisdiction, "the citizenship of defendants sued under fictitious names shall be disregarded."  28 U.S.C. § 1441(b)(2).

Plaintiff argues that Target is aware of the true identity of Manny Doe, whom she now identifies as the store manager.  Plaintiff cites district court decisions that have considered the citizenship of Doe defendants notwithstanding § 1441(b)(2) when the complaint specifically described the defendant with enough detail that his or her identity could not reasonably be questioned.  *E.g.*, *Sandoval v. Republic Servs., Inc.*, No. 2:18-CV-01224-ODW, 2018 WL 1989528, at *4 (C.D. Cal. Apr. 24, 2018) (considering citizenship of defendant "Chris" where complaint "particularly describes Chris as a fellow employee . . . and a member of [plaintiff's] department at the company's office in California," "describes the dates of her employment and all the relevant events," and "specifically references complaints filed in relation to Chris and conversations she had with supervisors regarding him").

The Court need not decide whether the cases on which Plaintiff relies are consistent with § 1441(b)(2) because they are plainly inapposite.  Plaintiff's complaint contains no particularized allegations about Manny Doe, either to identify his role at Target or to suggest what he has done that subjects him to liability.  In her reply, Plaintiff asserts for the first time that, based on Target's initial disclosures, it is "possible" that "Manny Doe" might be Selena Delgado, an employee who may have witnessed or been responsible for the incident.  Dkt. No. 22 at 5.  Plaintiff identifies nothing in the complaint—because there is nothing— that could have suggested to Defendant that "Manny Doe" was Selena Delgado.  Accordingly, Manny Doe's citizenship is properly disregarded under § 1441(b)(2), and Target has met its burden of establishing diversity at the time of removal.[3]

Because Target has established both that this Court has jurisdiction and that removal was timely, Plaintiff's motion to remand is denied.

---

[3] That removal was proper does not preclude Plaintiff from seeking leave to allege claims against a nondiverse defendant if she obtains relevant information in discovery that would support such claims under Rule 11.  *See* 28 U.S.C. § 1447 (e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.").  Pure speculation, of course, is not sufficient.

## II.

The conduct of Plaintiff and her counsel in this case raises concerns. The Court struck Plaintiff's first remand motion for violating at least four separate orders and rules, cautioning Plaintiff that "the Court expects careful compliance with its orders going forward, and any further violations are likely to result in an order to show cause re sanctions." Dkt. No. 13. Plaintiff then proceeded to refile her motion, raising arguments that border on frivolous. The motion also does not reflect the care expected of counsel practicing before this Court. *See, e.g.*, Dkt. No. 14 at 3 of 14 (misidentifying Defendant as Costco Wholesale Corporation). And Plaintiff's reply raises further concerns, including by misrepresenting the law. *See, e.g.*, Dkt. No. 22 at 4 (citing *Kuxhausen*, 707 F.3d 1136—a case that does not reference residence, injuries, or treatment—as the sole authority for the proposition that "Courts have consistently held that allegations of California residence, combined with injuries, witnesses, and treatment occurring in the same state, are sufficient to place a defendant on notice of the plaintiff's domicile").[4]

Plaintiff's pattern of noncompliance has continued, despite the Court's warning. Plaintiff failed to provide a timely chambers copy of her motion, as required by the Court's standing order (Dkt. No. 9 at 7), and again failed to comply when the courtroom deputy requested the overdue chambers copy by November 3. Plaintiff also has not filed an amended complaint that complies with federal pleading requirements, in further violation of the Court's standing order. *See id.* at 4 ("If a removed action contains a 'form pleading' (i.e., a check-the-box pleading), the party (or parties) that filed the form pleading must file with this Court a pleading that complies with the federal rules within 30 days of the filing of the notice of removal.").

Accordingly, Plaintiff is ordered to show cause on November 21, 2025 at 8:30 a.m. in Courtroom 6C (the same time and place as the MSC) why she and her counsel should not be sanctioned under Rule 16(f) for their repeated violations of the Court's orders. Plaintiff's lead counsel, Athanasios Simoudis, and her counsel who signed the motion to remand and associated declaration, Dario Gomez, shall each file a written response by November 17, addressing the violations and disclosing whether they have ever been the subject of an order to show cause or

---

[4] In their declarations, Plaintiff's counsel shall state whether generative artificial intelligence (e.g., ChatGPT, Harvey, CoCounsel, or Google Bard) was used to generate any portion of the opening or reply brief.

sanctioned for failing to follow any court rule or order. Both Plaintiff's counsel shall appear at the show-cause hearing on November 21.[5]

Date: November 12, 2025

                                                  Stanley Blumenfeld, Jr.
                                               United States District Judge

---

[5] Gomez's application to appear remotely on November 21 (Dkt. No. 21) is granted. Instructions for remote appearance can be found on Judge Blumenfeld's webpage. Counsel appearing remotely are responsible for ensuring that their equipment and the internet connection in the location from which they will be participating are reliable and adequate for uninterrupted video participation.